GAMET, Respondent, v. ALLENDER e<sup>t</sup> ux., Appellants.

(210 N. W. 49.)

(File No. 5607.   Opinion filed September 7, 1926.)

1. **Appeal and Error—Claim Allowed by Trial Court in Certain Sum on Conflicting Evidence for Failure to Transfer Lease Should Not Be Disturbed.**

   Where, in action to foreclose mortgage, trial court, upon conflicting evidence, allowed mortgagor sum on counterclaim based on mortgagee's failure to transfer certain lease pursuant to agreement, finding should not be disturbed on appeal.

2. **Vendor and Purchaser—Waiver—New Contract With Vendor Held Waiver by Purchaser of Claim for Damages From Inability to Secure Loan Because of Defect in Title.**

   Purchaser waived claim for damages suffered from inability to secure loan for which he had arranged because of defect in vendor's title at time latter contracted to convey by entering into new contract whereby his time for making a payment and receiving deed was extended.

3. **Appeal and Error—Trial Court's Allowance on Conflicting Evidence on Purchaser's Claim for Damages From Vendor's Removal of Personal Property Included in Purchase Should Not Be Disturbed.**

   Where, in action to foreclose purchase-money mortgage, trial court, on conflicting evidence, allowed mortgagor sum on counterclaim for damages suffered by mortgagee's removing from premises items of personal property included in purchase, finding should not be disturbed.

4. **Chattel Mortgages—Damages—Where Mortgagor Has Legal Right to Ship and Sell Mortgaged Horses, He Cannot Recover Damages Because Mortgagee Refused Permission to Ship.**

   Where mortgagor claimed that mortgagee had agreed to permit mortgagor to ship mortgaged horses in his possession and apply proceeds on chattel mortgage, he cannot recover damages because of mortgagee's refusal of permission, if, in fact, he had legal right to ship as claimed.

---

Note.—See, Headnote (1) and (3), American Key-Numbered Digest, Appeal and error, Key-No. 1013, 4 C. J. Sec. 2858; (2) Vendor and purchaser, Key-No. 143, 39 Cyc. 1535 (Anno); (4) Chattel mortgages, Key-No. 219, 11 C. J. Sec. 339 (Anno).

Appeal from Circuit Court, Fall River County; Hon. WAL-TER G. MISER, Judge.

Action by Joel M. Gamet against Benjamin L. Allender and wife. Judgment for plaintiff and defendants appeal. Affirmed.

See, also, 50 S. D. 150, 208 N. W. 782.

*H. D. Le Mar* of Omaha, Neb., *Thos. E. Eastman* of Mitchell, and *Cha, S. Eastman,* of Hot Springs, for Appellants.

*Wilson & Wilson,* of Hot Springs, for Respondent.

MORIARTY, C.   Respondent brought this action to foreclose a real estate mortgage given to him by the appellants to secure part of the purchase price of 1,280 acres of land.   The original negotiations between the parties in the matter involved on this appeal resulted in a contract, somewhat incomplete in the matter of details, whereby respondent agreed to convey to the appellant Benjamin L. Allender the 1,280 acres of land and certain personal property.   It is with reference to the identity of the personal property to be conveyed that the contract is indefinite.

Pursuant to this contract appellant Benjamin L. Allender made certain payments, accepted a deed, gave the paper sued upon, and took possession of the land and of certain personal property covered by the contract.   The case was tried to the court, without a jury, and the trial court made findings as to the amount due from appellants on the note and mortgage, and entered a foreclosure decree in the usual form.   From such judgment this appeal is taken.

Appellants allege that the trial court erred in its findings as to the amount due on their note and mortgage.   The assignments deal with alleged errors in the disposition which the trial court made of certain counterclaims which they had set up in their answer.

[1]   The appellants pleaded as counterclaims certain items of damages which they claim to have suffered through the failure of respondent to carry out certain of his agreements.   These items of alleged damages are as follows:

First, failure of respondent to transfer to appellant Allender a lease to certain pasture land.

This claim was allowed by the court at $100, upon conflicting evidence, and the finding should not be interfered with.

Second, damages suffered from inability to close a loan which appellant Allender claims to have arranged for and to have been unable to secure because of a defect in respondent's title existing at the time respondent had contracted to convey the land to appellant.

[2] The trial court found that the defect was merely technical, affecting only 80 acres of the 1,280 to be conveyed, that it was cured with reasonable promptness, and that appellant Allender had waived any claim for damages by entering into a new contract whereby his time for making a $7,900 payment and receiving deed was extended from March 1st to August 1st. This finding is amply supported.

Third, damages suffered by respondent's removing from the premises purchased from him certain items of personal property which appellant claims were to be included in his purchase.

[3] The evidence as to what was to be left for appellant and what was actually taken by respondent is conflicting. There is also a direct conflict as to whether appellants were present when certain of the property was removed, and consented to the removal. The trial court found that appellants were entitled to a credit of $60 for one item of property so taken but to no other credits for any item claimed. The finding is supported by evidence and should not be disturbed.

[4] Fourth, damages which appellant Allender claimed he suffered by being prevented by respondent from shipping certain horses on which respondent held a chattel mortgage, and which appellant claims respondent agreed to allow appellant to ship sell and apply the proceeds on the chattel mortgage debt. The mortgage itself is silent as to any such privilege, and the parol evidence is conflicting as to whether there was any such agreement. It is admitted that respondent allowed appellant to ship about 60 head of the mortgaged horses, that the returns were unsatisfactory, and that thereafter respondent told appellant that he would not allow any more horses to be sold unless appellant deposited $30 per head before shipping. The trial court found that respondent was not liable for any damages due to appellant's failure to ship the horses, the theory of the court being that, as appellant had the horses in his possession, he was not obliged to refrain from shipping them because of respondent's refusal of permission to

ship, if, in fact, appellant had a legal right to ship the horses as he claims he did have.

Appellant's assignments of error are numerous, but they deal only with the points above set forth.

There is no error in the record on any matter raised by the assignments, and the judgment is affirmed.

KNIGHT, Circuit judge, sitting in lieu of DILLON, J.